UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WEST AMERICAN
INSURANCE COMPANY,

        Plaintiff,

    -v-                    3:23-CV-819

ALL AROUND STORAGE,
L.L.C., R.J. LUCE, INC., and
RJ DEVELOPMENT, L.L.C.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

JAFFE & ASHER LLP           MARSHALL POTASHNER, ESQ.
Attorneys for Plaintiff
445 Hamilton Avenue, Suite 405
White Plains, NY 10601

DAVID N. HURD
United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

On July 7, 2023, plaintiff West American Insurance Company ("plaintiff") filed this breach-of-contract action alleging that defendants All Around Storage, L.L.C., R.J. Luce, Inc., and RJ Development, L.L.C. (collectively "defendants") failed to pay in full certain policy premiums due and owing under the terms of several written contracts. Dkt. No. 1. Plaintiff served

each named defendant. Dkt. Nos. 5, 6, 7. But the time period in which to answer or respond to the pleading expired without any answers from any of them. Dkt. No. 9. Thereafter, plaintiff sought from the Clerk of the Court, Dkt. No. 10, and later received, Dkt. No. 11, the entry of default against the three named defendants.

On November 3, 2023, plaintiff moved under Rule 55(b) of the Federal Rules of Civil Procedure for a default judgment against defendants for the unpaid premiums, together with interest, costs, and disbursements. Dkt. No. 13. The time period in which to oppose plaintiff's motion expired without any submissions from the three named defendants. Dkt. No. 14. Thereafter, the case was reassigned to this Court for a decision. Dkt. No. 15. Accordingly, plaintiff's motion for default judgment will be considered on the basis of the presently available submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party. FED. R. CIV. P. 55(a)–(b). The first step is to obtain an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). The second step is to seek a default judgment, which must be reviewed by the court. FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations of liability." *Greyound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). But it is not an admission of damages. *Id.* And "it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).

"Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary hearing at which the defendant is afforded the opportunity to contest the amount claimed." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (cleaned up). But a hearing is not mandatory where, as here, sufficiently detailed affidavits and documentary evidence is presented by the movant and left unopposed by the defaulting party.[1] *See id.*

As noted *supra*, plaintiff's six-count complaint alleges non-payment of five premiums on various policies (Counts One through Five) and an action for Account Stated (Count Six). The allegations are briefly detailed below:

Count One alleges an unpaid premium of $64,985.94 on a 2018–19 Workers' Compensation policy. Compl. ¶¶ 19–20. Plaintiff has demanded payment but defendants have refused. *Id.* ¶ 21.

---

[1] This is arguably an unnecessary step under the circumstances. Plaintiff moved pursuant to Rule 55(b)(1), which permits the Clerk of the Court to enter default judgment without the Court's imprimatur where, as here, the amount claimed is for a sum certain. Fed. R. Civ. P. 55(b)(1).

- 3 -

Count Two alleges an unpaid premium of $11,655.62 on a 2019–20 Workers' Compensation policy. Compl. ¶¶ 31–32. Plaintiff has demanded payment but defendants have refused. *Id*. ¶ 33.

Count Three alleges an unpaid premium of $82,641.72 on a 2019–20 Commercial Package policy. Compl. ¶¶ 45–46. Plaintiff has demanded payment but defendants have refused. *Id*. ¶ 47.

Count Four alleges an unpaid premium of $151.58 on a 2020–21 Commercial Package policy. Compl. ¶¶ 58–60. Plaintiff has demanded payment but defendants have refused. *Id*. ¶ 61.

Count Five alleges an unpaid premium of $397.70 on a 2020–21 Commercial Inland Marine policy. Compl. ¶¶ 71–72. Plaintiff has demanded payment but defendants have refused. *Id*. ¶ 73.

Count Six alleges that defendants owe a total of $156,842.36 for the unpaid policy premiums. Compl. ¶ 77. Plaintiff alleges that defendants promised to pay this sum, *id*. ¶ 76, but despite frequent demands for payment, the complaint alleges that defendants have not made a single payment since October 15, 2021, *id*. ¶¶ 78–80.

Upon review of petitioner's counsel's submissions in light of the governing law, it is

ORDERED that

1.  Plaintiff is AWARDED $76,651.36 in damages on Counts One and Two against defendants All Around Storage, L.L.C. and R.J. Luce, Inc., jointly and severally, together with pre-judgment interest at 9% from July 23, 2021 until the date of this judgment and post-judgment interest at the rate set forth in 28 U.S.C. § 1961;

2.  Plaintiff is AWARDED $82,641.72 in damages on Count Three against defendants All Around Storage, L.L.C. and RJ Development, L.L.C., jointly and severally, together with pre-judgment interest at 9% from July 23, 2021 until the date of this judgment and post-judgment interest at the rate set forth in 28 U.S.C. § 1961;

3.  Plaintiff is AWARDED $549.28 in damages on Counts Four and Five against defendants All Around Storage, L.L.C. and RJ Development, L.L.C., jointly and severally, together with pre-judgment interest at 9% from September 14, 2021 until the date of this judgment and post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and

4.  Plaintiff is further AWARDED $695.00 in costs and disbursements.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  June 11, 2024

Utica, New York.